IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMARCUS WAYNE ALLEN, §  Plaintiff, § § | |
| v.  § § § | No. 3:19-cv-00535-S (BT) |
| LUPE VALDEZ et al., §  Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Demarcus Allen, a state prisoner proceeding *in forma pauperis*, filed a *pro se* civil action asserting claims under 42 U.S.C. § 1983. For the following reasons, Plaintiff's claims should be DISMISSED.

I.

Plaintiff was previously incarcerated in the Dallas County Jail where he was housed in a unit for homosexual prisoners. Plaintiff alleges that Sheriff Valdez intentionally allowed a non-homosexual inmate into this housing unit and that the inmate assaulted Plaintiff, causing him to lose consciousness. Plaintiff also claims he received inadequate medical care for his injuries. He states he was in the holdover cell over five hours without medical care until he was taken to the nurse's station where he received stitches. He claims he was not provided pain medication or bandages for his

1

wound and was returned his cell. He states he later lost consciousness in his cell when the wound became infected. He was taken to Parkland Hospital where medical officials drained the wound on two occasions. By his complaint, he seeks $200,000 in damages.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Also, under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief

2

that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### III.

#### A.  Sheriff Lupe Valdez

Plaintiff claims Sheriff Valdez intentionally allowed a non-homosexual inmate into the homosexual housing unit, and that inmate assaulted him. To establish a failure-to-protect claim, a prisoner must show he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not enough. *See id.*; *see also*

*Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not raise a claim under § 1983).

Here, Plaintiff has failed to allege any facts suggesting that Sheriff Valdez intentionally allowed a non-homosexual prisoner into the homosexual prisoner housing area, or that Sheriff Valdez was aware that this occurred. Plaintiff submitted a letter from the Texas Commission on Jail Standards which found that the inmate who assaulted him was mistakenly placed in the homosexual housing unit. (ECF No. 3 at 7.) Plaintiff has pled no facts supporting a failure-to-protect claim.

Additionally, Plaintiff states he has sued Sheriff Valdez because she is a supervisor of certain prison guards. To be liable under § 1983, however, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause a constitutional deprivation, or

4

(ii) implement unconstitutional policies that causally result in a plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Plaintiff states the Dallas County Jail policy is to house homosexual inmates separately from the general population, but the policy was not followed in this case. Plaintiff has therefore failed to show that an unconstitutional policy resulted in his injury. Plaintiff's claims against Sheriff Valdez should be dismissed.

### B. Medical Care

Plaintiff also claims he was denied adequate medical care when he was left in a cell for more than five hours without medical treatment, when a Jane Doe nurse at the jail failed to provide him with pain medication and bandages for his wound, and when he was returned to a dirty cell causing the wound to become infected. He does not explain his claims against the John Doe Medical Supervisor.

Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S.

5

at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff's claims do not establish that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." He does not allege that Defendants knew he was in his cell for over five hours and needed medical attention. Once he was taken to the nurse's station, he received stiches for a cut on his head. Also, when the cut became infected, he was taken to Parkland Hospital to treat the infection. Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)). Further, an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (stating prisoner's disagreement regarding the correct medical treatment does not constitute an actionable civil rights claim). Plaintiff's claims that he was denied adequate medical care should be dismissed.

IV.

The Court recommends that Plaintiff's complaint be dismissed as frivolous under 28 U.S.C. §§ 1915A and 1915(e).

Signed April 19, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).